1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEDEO NAPPI,

           Plaintiff,

   v.

TIMBERLINE REGIONAL LIBRARY,

           Defendant.

CASE NO. C14-5945 JRC

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff, a public library patron, was "trespassed" from the library for allegedly inappropriate behavior. Although plaintiff has a limited constitutional due process interest in maintaining his access to a public library, the library provided him an opportunity to contest the trespass order and he never took that opportunity. Instead, he filed this lawsuit claiming that his due process rights were violated. Under these circumstances, his claim that defendant violated his due process rights fails.

<u>Factual Summary</u>

    Defendant Timberline Regional Library ("TRL") is a regional library pursuant to RCW 27.12.010(4), and is a public entity created by law pursuant to RCW 27.04, which operates and administers libraries in five counties in the State of Washington, including Thurston County, for

use by the public and is funded by taxation (Dkt. 1, Ex. 1, ¶ 3, Dkt. 3, ¶ 3). TRL operates under the supervision of a board of trustees and bylaws (Dkt. 16-1). Plaintiff, Amedeo Nappi, is a resident of Olympia, who frequented the library (*id.*).

On or about November 13, 2012, a female librarian at the Olympia library ("library") asked plaintiff if he preferred an upright computer or a recessed one and plaintiff reportedly responded that he liked girls lying down, but that either computer would do (Dkt. 21, Exhibit 1). The librarian reported the comment and library staff asked plaintiff to come to the library office to discuss the matter (Dkt. 20, ¶¶ 2-3, Dkt. 18, ¶ 1). Plaintiff refused and left the library in a disruptive manner (Dkt. 20, ¶¶ 4-5, Dkt. 18, ¶ 2).

Three days later, on November 16, 2012, plaintiff returned to the library and was again asked to meet with library staff to discuss the incident. He again refused and became disruptive. The Olympia Police were called in response (Dkt. 18, ¶¶ 3-5, Dkt. 15, ¶1). When the police arrived, they spoke to plaintiff and advised him that he had been "trespassed" – meaning that he was barred from the premises. Plaintiff left without being arrested (Dkt. 18, ¶¶ 3-5, Dkt. 15, ¶1). Defendant's acting director, Gwen Culp, sent plaintiff a letter of trespass after the November 16 incident advising plaintiff that he was prohibited from coming onto the premises for six months and invited him to challenge the decision (Dkt. 16, Ex. 4). Plaintiff admits that in December of 2012, defendant had offered him a telephone hearing to contest the acting director's decision to trespass but that he refused to participate in such a hearing (Dkt. 24, p. 2, 3). Instead, plaintiff demanded copies of defendant's policies and procedures and other documents and served defendant with a summons and complaint (*id.*).

//

//

Procedural History

On or about November 10, 2014, plaintiff filed a pro se action in Thurston County Superior Court (Dkt. 1, Ex. 1).  Although not specifically stated, plaintiff appears to be making a claim for violation of his constitutional rights under 42 U.S.C. § 1983 (*id.*).  Plaintiff alleges that he was denied procedural due process under the United States Constitution (Dkt. 1, Ex. 1, ¶17).

Defendant removed the case from Thurston County Superior Court to federal court on December 2, 2014 (Dkt. 1).  The parties filed a consent to proceed before a magistrate judge on January 29, 2015 (Dkt. 10), giving this Court authority to decide the case.

On April 14, 2015, defendant filed a motion for summary judgment (Dkt. 14), together with supporting declarations (*see* Dkts. 15 - 22).  Plaintiff filed a response (Dkt. 24) and declarations (Dkts. 25, 26).  Defendant filed a reply (Dkt. 27).  The Court has reviewed all of said materials.

Standard of Review

In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact.  *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).  Once a party has moved for summary judgment Fed. R. Civ. P. 56(c) requires the nonmoving party to go beyond the pleadings and identify facts that show that a genuine issue for trial exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to recover pursuant to 42 U.S.C. § 1983, plaintiff must prove: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Initially, if plaintiff moves for summary judgment, plaintiff has the burden of presenting admissible evidence to support each of these elements. *See Lujan v. Wildlife Fed.*, 497 U.S. 871, 888-89 (1990).

<u>Analysis</u>

The Supreme Court has repeatedly held that municipalities and other bodies of local government are "persons" within the meaning of this statute. *See, e.g., City of St. Louis. v. Praprotnik*, 485 U.S. 112, 121, (1988); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). Also, the Supreme Court has regularly noted that other governmental entities that derive revenues from taxation, are considered "municipalities" for purposes of 42 U.S.C. § 1983. *See, e.g., Monell, supra,* at 689; *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 402 (1997).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). If there is no express policy, then plaintiff must prove that there is a widespread practice that is so permanent and well settled that it constitutes a custom or usage with the force of law or that the constitutional injury was caused by a person with final policymaking authority. *See City of St. Louis v. Paprotinik*, 485 U.S. 112, 121 (1988).

1     Plaintiff has submitted sufficient evidence to survive summary judgment to prove that

2 defendant is a "person" acting under color of state law for purposes of 42 U.S.C. § 1983.

3 Plaintiff has only named TRL as a defendant and defendant impliedly concedes that TRL is a

4 "person" acting under color of state law for purposes of showing a §1983 violation (Dkt. 8, ¶ 3;

5 Dkt. 14, page 6). Nevertheless, plaintiff has failed to present admissible evidence as to the

6 second requirement – that defendant violated plaintiff's constitutional rights.

7     Plaintiff's only argument is that he was denied due process. The due process clause of the

8 Fourteenth Amendment provides that no person shall be deprived of life, liberty or property

9 without due process of law. In analyzing a procedural due process claim, a court must first

10 determine whether the claimant has been deprived of a liberty or property interest protected by

11 the Constitution; if so, the court must determine whether the procedures attendant upon that

12 deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490

13 U.S. 454 (1989).

14     Arguably, the suspension of library privileges involves a cognizable liberty interest. *See*

15 *Wayfield v. Town of Tisbury,* 925 F. Supp. 880, 885 (D. Mass. 1996); *Doyle v. Clark County*

16 *Public Library*, 2007 WL 2407051, at *5 (S.D. Ohio Aug. 20, 2007). *But see Grigsby v. City of*

17 *Oakland,* 2002 WL 1298759, at *3 (N.D. Cal. June 2, 2002). Since plaintiff was denied access

18 to the public library, he was deprived of this arguable liberty interest. But plaintiff fails to

19 submit proof that the procedures attendant upon that deprivation was constitutionally

20 insufficient.

21     "Due process is flexible and calls for such procedural protections as the particular

22 situation demands." *Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992) (*citing Matthews v.*

23 *Eldridge*, 424 U.S. 319, 334 (1976). Here, the library advised plaintiff of the reason he was

24

trespassed both orally and in writing. On several occasions, by his own admission, the library offered plaintiff an opportunity to explain his side of the situation. Instead, in each of these instances, he refused.

A library's primary purpose is to provide a platform for the public to gain knowledge through reading, writing and quiet contemplation. *See Crimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1261 (3rd Cir. 1992). Disruptive behavior, such as the behavior reportedly engaged in by plaintiff, defeats that purpose. State law allows a library board of trustees to exclude any person who willfully and persistently engages in dangerous or offensive conduct from the use of the library. *See* RCW 27.12.290. Under TRL's bylaws, the executive director has discretion to limit access to the facilities to a person who engages in such conduct (*see* Dkt. 16, Ex. 2, p.1). The acting director exercised that authority and allowed plaintiff the opportunity to appeal her decision. Such due process is sufficient under these circumstances. Therefore, defendant's motion for summary judgment is GRANTED.

All other issues regarding access to public documents are, at best, state law claims, for which this Court chooses not to exercise jurisdiction. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-51 (1988); 28 U.S.C. § 1331.

Plaintiff's claims against defendant are DISMISSED with prejudice. The Clerk is directed to mail a copy of this Order to pro se plaintiff at his last known address and close the case.

Dated this 26th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 6